UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-05205-5-DMW |
| JAMES EARL WHITE, | ) | |
|     Debtor. | ) | CHAPTER 13 |
| | ) | |
| | ) | |
| JAMES EARL WHITE, | ) | |
|     Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | NO.   23-00097-5-DMW |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, | ) | |
|     Defendant. | ) | |
| | ) | |

**STIPULATION AND REQUEST FOR ENTRY OF STIPULATED JUDGMENT**

Plaintiff James Earl White ("White") and Defendant United States Department of Education ("DOE," and collectively with White, the "Parties"), by and through their respective counsel, hereby stipulate as follows and jointly request entry of the attached proposed stipulated judgment resolving this adversary proceeding:

1. On October 24, 2018, White filed a petition for relief under Chapter 13 of the Bankruptcy Code, commencing the Chapter 13 case captioned, *In re White*, Case No. 18-05205-5-DMW (Bankr. E.D.N.C.). On November 27, 2023, this Court entered an Order of Discharge in White's bankruptcy case under 11 U.S.C. § 1328(a).

2. On October 25, 2023, White filed a complaint commencing the present adversary proceeding captioned, *White v. Department of Education*, Adv. Pro. No. 1805205-DMW (Bankr. E.D.N.C.), in which White seeks a determination that his

student loans owed to the DOE are dischargeable under 11 U.S.C. § 523(a)(8). White agrees that he does not seek any additional relief against the DOE.

3. White obtained federal student loans to attend the University of North Carolina at Chapel Hill, from which he earned a bachelor's degree in or around May 1992. White's student loans were consolidated in or around October 2016. The total outstanding balance is approximately $124,574.24.

4. The DOE is the holder of all right, title and interest in a Federal Direct Consolidation Loan, of which White is the obligor. The DOE extended this loan to White under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087(a) *et seq.* (34 C.F.R. Part 685).

5. The Parties agree that White meets the standard for undue hardship under 11 U.S.C. § 523(a)(8) and applicable case law including *In re Frushour*, 433 F.3d 393, 396 (4th Cir. 2005) and *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987). Specifically, the Parties agree that:

    a. White is unable to maintain a minimal standard of living if forced to repay his student loans. White is a retired teacher whose household income consists of his Social Security payments, his state retirement payments, and the Social Security income of his significant other who is terminally ill. When accounting for the expected death of his significant other, White's monthly expenses exceed his income by at least $850.00 per month before accounting for any student loan payments.

    b. Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans. White is 68 years old and has retired from teaching.

2

    Prior to his retirement, White had serious cardiac problems, causing him to have open heart surgery and to miss more than a year of work. In light of his age, work history, and health conditions, it is likely that White's present financial circumstances will persist and not improve.

c. White has demonstrated good faith efforts to repay his student loans. Since entering repayment, White made at least 30 regular payments of $300 each for a total of $9,000. White also applied for forbearance or deferments approximately 38 times. He attempted to apply for an income-driven repayment ("IDR") plan, and he applied for federal consolidation.

6. In light of the foregoing, the Parties jointly agree to entry of a proposed stipulated judgment resolving this adversary proceeding and declaring that White's student loan obligations owed to the DOE are dischargeable pursuant to 11 U.S.C. § 523(a)(8).

7. The Parties agree to bear their own attorneys' fees and costs.

**REMAINDER OF PAGE LEFT INTENTIONALLY BLANK
[SIGNATURES ON FOLLOWING PAGE]**

**STIPULATED AND AGREED:**

**JAMES EARL WHITE – PLAINTIFF / DEBTOR**

_____   Date: 1/26/24
DOUGLAS WICKHAM
*Wickhamlaw*
Post Office Box 19439
Raleigh, NC 27619
(919) 239-0488
Email: doug@wickhamlawnc.com
*Attorney for Plaintiff /Debtor*

_____   Date: 1-26-24
JAMES EARL WHITE
*Plaintiff / Debtor*

**THE UNITED STATES OF AMERICA, ON BEHALF OF THE U.S. DEPARTMENT OF EDUCATION**

MICHAEL F. EASLEY, JR.
United States Attorney

By: _____   Date: 1/26/24
BENJAMIN J. HIGGINS
Assistant United States Attorney
Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Telephone: (919) 856-4043
Email: benjamin.higgins2@usdoj.gov
Massachusetts Bar # 690969

*Attorney for Department of Education*

4

GOVERNMENT EXHIBIT _____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-05205-5-DMW |
| **JAMES EARL WHITE,** | ) | |
|     Debtor. | ) | CHAPTER 13 |
| | ) | |
| | ) | |
| **JAMES EARL WHITE,** | ) | |
|     Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | NO.   23-00097-5-DMW |
| v. | ) | |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF EDUCATION,** | ) | |
|     Defendant. | ) | |
| | ) | |

## STIPULATED JUDGMENT

Plaintiff James Earl White ("White") filed a complaint [D.E. 1] against Defendant United States Department of Education ("DOE," and collectively with White, the "Parties"), to determine that his student loans owed to the DOE are dischargeable under 11 U.S.C. § 523(a)(8).

Upon the Parties' stipulation and request for entry of stipulated judgment, it is hereby ADJUDGED, DECREED, and ORDERED as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 151 and 1334, and 11 U.S.C. § 523.

2. Venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1409.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4. White's outstanding student loan debt was issued pursuant to the William D. Ford Federal Direct Loan ("Direct") Program. White's student loan obligations owed to the DOE are dischargeable pursuant to 11 U.S.C. § 523(a)(8). Specifically, the following student loans shall be discharged pursuant to White's Chapter 13 discharge:

   a. The Direct Consolidation Subsidized Loan, originally incurred on October 28, 2016, in the original principal amount of $97,441.41, held by DOE and serviced by the Missouri Higher Education Loan Authority; and

   b. The Direct Consolidation Unsubsidized Loan, originally incurred on October 28, 2016, in the original principal amount of $8,150.02, held by DOE and serviced by the Missouri Higher Education Loan Authority.

**END OF DOCUMENT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January, 2024, I have served the foregoing upon the below listed parties by first class mail and/or electronically.

James Earl White
116A Lumina Ave S.
Wrightsville Beach, NC 28480

**Served via CM/ECF system:**

Douglas P. Wickham
Attorney for Plaintiff

        MICHAEL F. EASLEY, JR.
        United States Attorney

        /s/ Benjamin J. Higgins
        BENJAMIN J. HIGGINS
        Assistant United States Attorney
        Civil Division
        150 Fayetteville Street, Suite 2100
        Raleigh, North Carolina 27601
        Telephone: (919) 856-4043
        Email: benjamin.higgins2@usdoj.gov
        Massachusetts Bar # 690969

        *Attorney for Department of Education*